**BARSHAY, RIZZO & LOPEZ, PLLC**
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: BRL2021103

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK
## BROOKLYN DIVISION

| | |
|---|---|
| Joseph Giovinazzo, individually and on behalf of all others similarly situated, | Case No: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | JURY TRIAL DEMANDED |
| Honig & Greenberg, L.L.C., | |
| Defendant. | |

Plaintiff Joseph Giovinazzo, individually and on behalf of all others similarly situated, by and through the undersigned counsel, complains, states, and alleges against defendant Honig & Greenberg, L.L.C. as follows:

## INTRODUCTION

1.    This is an action for damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

2.    Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem.  *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

3.    The purpose of the FDCPA is to protect consumers from deceptive or harassing

actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

4.     To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

5.     As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff consumer to show that he or she was confused by the communication received. *Jacobson*, 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

6.     Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Russell*, 74 F.3d at 34.

7.     If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson*, 516 F.3d at 90.

8. The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA is sufficient to establish civil liability against a debt collector. *Id.*

**JURISDICTION AND VENUE**

9. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

10. This court has jurisdiction over defendant Honig & Greenberg, L.L.C. because it regularly conducts and transacts business in this state, and the conduct complained of herein occurred in this Judicial District.

11. Venue is proper is this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

**PARTIES**

12. Plaintiff Joseph Giovinazzo ("Plaintiff") is a natural person who is a citizen of the State of New York residing in Queens County, New York.

13. Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

14. Defendant Honig & Greenberg, L.L.C. ("Defendant") is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business in Camden County, New Jersey.

15. Defendant has transacted business within the State of New York as is more fully set forth hereinafter in this Complaint.

16.    Defendant regularly collects or attempts to collect debts asserted to be owed to others.

17.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

18.    The principal purpose of Defendant's businesses is the collection of such debts.

19.    Defendant uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

20.    Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

21.    The acts of Defendant as described in this Complaint were performed by Defendant or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall mean Defendant or its owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

22.    Defendant alleges Plaintiff owes a debt ("the alleged Debt").

23.    The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

24.    The alleged Debt does not arise from any business enterprise of Plaintiff.

25.    The alleged Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

26.    At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

27.    At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

28.     In its efforts to collect the alleged Debt, Defendant caused correspondence, including a collection letter dated November 21, 2020, to be sent to Plaintiff.  (A true and accurate copy of that collection letter (the "Letter") is annexed hereto as "**Exhibit 1.**")

29.     The Letter conveyed information regarding the alleged Debt.

30.     The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

31.     The Letter is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

32.     15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive clear, accurate and unambiguous collection letters from Defendant that would allow Plaintiff to identify the source of the alleged Debt and confirm that the alleged Debt was actually owed.  As set forth herein, Defendant deprived Plaintiff of these rights.

33.     15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiff of these rights.

34.     Plaintiff's injury is "particularized" and "actual" in that the Letter that deprived Plaintiff of the aforementioned rights was addressed and sent to Plaintiff specifically.

35.     Plaintiff's injury is directly traceable to Defendant's conduct because Defendant sent the Letter, and but for Defendant's conduct, Plaintiff would not have been deprived of the aforementioned rights.

36.     Plaintiff has been misled by Defendant's conduct.

37.     Defendant's conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from Defendant's conduct.

38.     Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use abusive, deceptive, unfair and unlawful means in its attempts to collect the alleged Debt and other alleged debts.

39.     Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause Plaintiff unwarranted economic harm.

40.     As a result of Defendant's conduct, Plaintiff wasted time, was caused to be confused and unsure as to Plaintiff's rights, and ultimately sought counsel and advice causing Plaintiff the risk of incurring damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

41.     As a result of Defendant's conduct, Plaintiff's counsel was caused to expend time, energy, and money to investigate Plaintiff's rights under the law and the legitimacy of the alleged Debt.

42.     The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

43.     A favorable decision herein would redress Plaintiff's injury with money damages.

44.     Upon information and belief, Plaintiff can prove that all actions taken by Defendants as described in this Complaint were taken willfully, with either the desire to harm Plaintiff with knowledge that its actions would very likely harm Plaintiff, and/or with knowledge that its actions were taken in violation of the law.

**FIRST COUNT**
**Violation of 15 U.S.C. 15 U.S.C. §§ 1692g, 1692e, and 1692e(10)**

45.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

46.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

47.     15 U.S.C. § 1692g(a)(1) provides that the written notice must contain the amount of the debt.

48.     15 U.S.C. § 1692g(a)(2) provides that the written notice must contain the name of the creditor to whom the debt is owed.

49.     15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

50.     15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector

51.     15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

52.     A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

53.     Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

54.     Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

55.     15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

56.     A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

57.     Demanding payment during the 30-day validation without explaining that such demand does not override the consumer's right to dispute the debt is a violation of 15 U.S.C. § 1692g(b).

58.     Demanding payment during the 30-day validation without explaining that such demand does not override the consumer's right to request validation of the debt is a violation of 15 U.S.C. § 1692g(b).

59.     Demanding payment during the 30-day validation without explaining that such demand does not override the consumer's right to request the name and address of the original creditor is a violation of 15 U.S.C. § 1692g(b).

60.     The Letter demands payment during the 30-day validation.

61.     The Letter provides: "Take notice that if redemption is not made within thirty (30) days of the date of this letter, a complaint may be filed to foreclose the right to redeem the property from tax sale. Upon the foreclosure's filing, you may become responsible for various costs as permitted by New Jersey Statute and Court Rule, including attorney's fee and costs of suit." (the "Payment Demand")

62.     The Letter fails to advise that the Payment Demand does not override the Plaintiff's right to dispute the alleged Debt.

63.     The Letter fails to advise that the Payment Demand does not override the Plaintiff's right to request validation of the alleged Debt.

64.     The Letter fails to advise that the Payment Demand does not override the Plaintiff's right to request the name and address of the original creditor.

65.     The least sophisticated consumer, upon reading Payment Demand, could reasonably interpret the Letter to mean that even if she exercises her validation rights, she must nevertheless oblige to the Payment Demand.

66.     The least sophisticated consumer, upon reading Payment Demand, and in the absence of any further explanation, could reasonably interpret the Letter to mean that even if she disputes the validity of the alleged Debt, she must nevertheless conform to the Payment Demand even during the verification process.

67.     As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to dispute the alleged Debt.

68.     As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to request validation of the alleged Debt.

69.     As a result of the foregoing, the Payment Demand would likely make the least sophisticated consumer confused as to her rights.

70.     As a result of the foregoing, the Payment Demand would likely make the least sophisticated consumer uncertain as to her rights.

71.     Defendant violated 15 U.S.C. § 1692g(b) as the Payment Demand overshadows the disclosure of the consumer's right to dispute the alleged Debt.

72.     Defendant violated 15 U.S.C. § 1692g(b) as the Payment Demand overshadows the disclosure of the consumer's right to request validation of the alleged Debt.

73.     Defendant violated 15 U.S.C. § 1692g(b) as the Payment Demand overshadows the disclosure of the consumer's right to request the name and address of the original creditor.

74.     Defendant violated 15 U.S.C. § 1692g(b) as the Payment Demand is inconsistent with the disclosure of the consumer's right to dispute the alleged Debt.

75.     Defendant violated 15 U.S.C. § 1692g(b) as the Payment Demand is inconsistent with the disclosure of the consumer's right to request validation of the alleged Debt.

76.     Defendant violated 15 U.S.C. § 1692g(b) as the Payment Demand is inconsistent with the disclosure of the consumer's right to request the name and address of the original creditor.

77.     15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

78.     15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

79.     A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.

80.     A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate.

81.     A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

82.     The least sophisticated consumer could reasonably interpret the Letter to mean that even if she exercises her validation rights, she must nevertheless oblige to the Payment Demand.

83.     The least sophisticated consumer, upon reading Payment Demand, and in the absence of any further explanation, could reasonably interpret the Letter to mean that even if she disputes the validity of the alleged Debt, she must nevertheless conform to the Payment Demand even during the verification process.

84.     Because the Letter is open to more than one reasonable interpretation it violates 15 U.S.C. § 1692e.

85.     Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer it violates 15 U.S.C. § 1692e.

86.     For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g, 1692e, and 1692e(10) and is liable to Plaintiff therefor.

## SECOND COUNT
### Violation of 15 U.S.C. §§ 1692g, 1692e, and 1692e(10)

87.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

88.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

89.     15 U.S.C. § 1692g(a)(1) provides that the written notice must contain the amount of the debt.

90.     15 U.S.C. § 1692g(a)(2) provides that the written notice must contain the name of the creditor to whom the debt is owed.

91.     15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

92.     15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector

93.     15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

94.     A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

95.     Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

96.     Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

97.     15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

98.     A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

99.     Threatening to take legal action without explaining that such threat does not override the consumer's right to dispute the debt is a violation of 15 U.S.C. § 1692g(b).

100.    Threatening to take legal action without explaining that such threat does not override the consumer's right to request validation of the debt is a violation of 15 U.S.C. § 1692g(b).

101.    Threatening to take legal action without explaining that such threat does not override the consumer's right to request the name and address of the original creditor is a violation of 15 U.S.C. § 1692g(b).

102.    The Letter threatens legal action against Plaintiff.

103.    The Letter fails to advise that the threat does not override the Plaintiff's right to dispute the alleged Debt.

104.    The Letter fails to advise that the threat does not override the Plaintiff's right to request validation of the alleged Debt.

105.    The Letter fails to advise that the threat does not override the Plaintiff's right to request the name and address of the original creditor.

106.    The least sophisticated consumer, upon reading threat, could reasonably interpret the Letter to mean that even if she exercises her validation rights, she could nevertheless be subjected to the threatened conduct of foreclosure.

107.    The least sophisticated consumer, upon reading threat, and in the absence of any further explanation, could reasonably interpret the Letter to mean that even if she disputes the validity of the alleged Debt, she could be subjected to the threatened conduct of foreclosure even during the verification process.

108.    As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to dispute the alleged Debt.

109.    As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to request validation of the alleged Debt.

110.    As a result of the foregoing, the threat would likely make the least sophisticated consumer confused as to her rights.

111.    As a result of the foregoing, the threat would likely make the least sophisticated consumer uncertain as to her rights.

112.    Defendant violated 15 U.S.C. § 1692g(b) as the threat overshadows the disclosure of the consumer's right to dispute the alleged Debt.

113.    Defendant violated 15 U.S.C. § 1692g(b) as the threat overshadows the disclosure of the consumer's right to request validation of the alleged Debt.

114.    Defendant violated 15 U.S.C. § 1692g(b) as the threat overshadows the disclosure of the consumer's right to request the name and address of the original creditor.

115.    Defendant violated 15 U.S.C. § 1692g(b) as the threat is inconsistent with the disclosure of the consumer's right to dispute the alleged Debt.

116.    Defendant violated 15 U.S.C. § 1692g(b) as the threat is inconsistent with the disclosure of the consumer's right to request validation of the alleged Debt.

117.    Defendant violated 15 U.S.C. § 1692g(b) as the threat is inconsistent with the disclosure of the consumer's right to request the name and address of the original creditor.

118.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

119.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

120.    A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.

121.    A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate.

122.    A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

123.    The least sophisticated consumer could reasonably interpret the Letter to mean that even if she exercises her validation rights, she could nevertheless be subjected to the threatened conduct.

124.    The least sophisticated consumer, upon reading about the threat, and in the absence of any further explanation, could reasonably interpret the Letter to mean that even if she disputes the validity of the alleged Debt, she could be subjected to the threatened conduct even during the verification process.

125.    Because the Letter is open to more than one reasonable interpretation it violates 15 U.S.C. § 1692e.

126.    Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer it violates 15 U.S.C. § 1692e.

127.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g, 1692e, and 1692e(10) and is liable to Plaintiff therefor.

### THIRD COUNT
### Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10)

128.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

129.    15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

130.    15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

131.    15 U.S.C. § 1692e(3) prohibits a debt collector from using the false representation or implication that any individual is an attorney or that any communication is from an attorney.

132.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

133.    A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.

134.    A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate.

135.    A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

136.    The Letter is on the letterhead of the law firm Honig & Greenberg, L.L.C.

137.    The least sophisticated consumer would likely assume that a law firm's letterhead on a collection letter means that the letter is from the law firm.

138.    The least sophisticated consumer would likely assume that a law firm's letterhead on a collection letter means that the alleged Debt was assigned to the law firm.

139.    The least sophisticated consumer would likely assume that a law firm's letterhead on a collection letter means that the letter is from an attorney.

140.    The least sophisticated consumer would likely assume that the attorney has been genuinely involved in the review of Plaintiff's alleged Debt prior to the letter being sent.

141.    The least sophisticated consumer would likely assume that the attorney has been meaningfully involved in the review of Plaintiff's alleged Debt prior to the letter being sent.

142.    The least sophisticated consumer would likely assume that the attorney has been personally involved in the review of Plaintiff's alleged Debt prior to the letter being sent.

143.    The least sophisticated consumer would likely assume that the attorney determined that the letter should be sent.

144.    As such, the least sophisticated consumer would likely feel threatened.

145.    As such, the least sophisticated consumer would likely feel intimidated.

146.    As such, the least sophisticated consumer would likely believe he or she would be sued by Defendant.

147.    As such, the least sophisticated consumer would likely believe he or she would be sued by a law firm acting as a debt collector.

148.    As such, the least sophisticated consumer would likely believe he or she would be sued by Defendant if he or she did not pay the debt.

149.    However, no attorney with Defendant sent the Letter to Plaintiff.

150.    No attorney with Defendant was genuinely involved in the review of Plaintiff's alleged Debt prior to the Letter being sent to Plaintiff.

151.    No attorney with Defendant was meaningfully involved in the review of Plaintiff's alleged Debt prior to the Letter being sent to Plaintiff.

152.    No attorney with Defendant was personally involved in the review of Plaintiff's alleged Debt prior to the Letter being sent to Plaintiff.

153.    The Letter's signature block states, "Honig & Greenberg, L.L.C.," but is unsigned.

154.    The Letter misleads consumers into believing that there was meaningful attorney involvement in the collection of the debt.

155.    The least sophisticated consumer would likely be misled to believe that an attorney was genuinely involved in the review of Plaintiff's alleged Debt prior to the Letter being sent to Plaintiff.

156.    The least sophisticated consumer would likely be misled to believe that an attorney was meaningfully involved in the review of Plaintiff's alleged Debt prior to the Letter being sent to Plaintiff.

157.    The least sophisticated consumer would likely be misled to believe that an attorney was personally involved in the review of Plaintiff's alleged Debt prior to the Letter being sent to Plaintiff.

158.    The least sophisticated consumer would likely be misled to believe that an attorney determined that the letter should be sent.

159.    Defendant's conduct is a false representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

160.    Defendant's conduct is a deceptive representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

161.    Defendant's conduct is a false representation of the legal status of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

162.    Defendant's conduct is a false representation that the Letter was from an attorney in violation of 15 U.S.C. § 1692e(3).

163.    Defendant's conduct is a false implication that the Letter was from an attorney in violation of 15 U.S.C. § 1692e(3).

164.    Defendant's conduct is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

165.    Defendant's conduct is a is a deceptive means in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

166.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(3) and 1692e(10) and is liable to Plaintiff therefor.

## FOURTH COUNT
### Violation of 15 U.S.C. §§ 1692g, 1692e, and 1692e(10)

167.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

168.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

169.    The written notice must contain a statement that unless the consumer, within thirty

days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

170.    The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

171.    The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

172.    A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

173.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

174.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

175.    15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

176.    A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

177.    A collection activity or communication overshadows or contradicts the validation

20

notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

178. The Letter fails to advise that the fact Plaintiff's account was assigned to a law firm does not override the Plaintiff's right to dispute the debt.

179. The Letter fails to advise that the fact Plaintiff's account was assigned to a law firm does not override the Plaintiff's right to demand validation of the debt.

180. The Letter fails to advise that the fact Plaintiff's account was assigned to a law firm does not override the Plaintiff's right to request information concerning the current creditor.

181. The least sophisticated consumer, upon reading that her account was assigned to a law firm, could reasonably interpret the Letter to mean that even if she exercises her validation rights, she could nevertheless be sued.

182. When a law firm is acting solely as a debt collector in sending a dunning letter, the law requires the law firm to issue a disclaimer indicating such.

183. Courts in the Second Circuit have recognized that debt collection letters printed on "law firm letterhead, standing alone, does represent a level of attorney involvement to the debtor receiving the letter. *Bitzko v. Weltman, Weinberg & Reis Co*., LPA, No. 117CV00458BKSDJS, 2019 WL 4602329, at *4 (N.D.N.Y. Sept. 23, 2019).

184. To most consumers, the relevant distinction between a collection agency and an attorney is the ability to sue," a letter signed by an attorney signals to the unsophisticated consumer that legal action is at hand. *Herzlinger v. Nichter*, No. 7:09-CV-00192, 2011 WL 1434609, at *6 (S.D.N.Y. Feb. 9, 2011), on reconsideration in part, No. 7:09-CV-00192, 2011 WL 1408180 (S.D.N.Y. Apr. 5, 2011).

185. To balance these interests, the law requires that law firms when acting as debt collectors provide a disclaimer such as "Please be advised that we are acting in our capacity as a

debt collector and at this time, no attorney with our law firm has personally reviewed the particular circumstances of your account." *Greco v. Trauner, Cohen & Thomas, LLP*, 412 F.3d 360, 364 (2005).

186.    The least sophisticated consumer, upon reading that her account was assigned to a law firm, and in the absence of any further explanation, could reasonably interpret the Letter to mean that even if she disputes the validity of the debt, she could nevertheless by sued even during the verification process.

187.    As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to dispute the debt.

188.    As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to request validation of the debt.

189.    As a result of the foregoing, the threat of possible legal action would likely make the least sophisticated consumer confused as to her rights.

190.    As a result of the foregoing, the threat of possible legal action would likely make the least sophisticated consumer uncertain as to her rights.

191.    Defendant violated § 1692g as Defendant overshadowed the information required to be provided by that Section.

192.    Defendant violated § 1692g(b) as the potential threat of legal action overshadows the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

193.    Defendant violated § 1692g(b) as the potential threat of legal action is inconsistent with disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

194. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

195. While Section 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

196. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

197. As a result of the foregoing, the Letter is deceptive.

198. As a result of the foregoing, the Letter constitutes a deceptive means to attempt to collect the Debt.

199. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g, 1692e, and 1692e(10) and is liable to Plaintiff therefor.

## FIFTH COUNT
### Violations of 15 U.S.C. §§ 1692g, 1692e and 1692e(10)

200. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

201. 15 U.S.C. § 1692g(a) provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

202. 15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

203.    15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

204.    15 U.S.C. § 1692g(b) provides, "Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

205.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

206.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

207.    A communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

208.    A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

209.    A debt collector has the obligation, not just to convey the required information, but also to convey such effectively.

210.    A debt collector has the obligation, not just to convey the required information, but also to convey such clearly, so that the least sophisticated consumer will not be uncertain as to her rights.

211.    A debt collector has the obligation, not just to convey the required information, but also to convey such effectively, so that the least sophisticated consumer will not be uncertain as to her rights.

212.    The Letter fails to convey that the consumer must notify the Defendant in writing, for the Defendant to be obligated to obtain verification of the debt or a copy of judgement and have it be mailed to the consumer.

213.    The Letter further fails to convey that the request must be in writing, for the Defendant to be obligated to send the name and address of the original creditor if different from the current creditor.

214.    Without the writing component met, the Defendant is free to not respond and thereby cost the Plaintiff to lose his 30-day right to request and obtain verification.

215.    Thus, it is deceptive on the part of Defendant to fail to properly advise Plaintiff of his rights.

216.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g, 1692e and 1692e(10) and is liable to Plaintiff therefor.

**SIXTH COUNT**
**Violations of 15 U.S.C. §§ 1692e**

217.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein. and realleges the foregoing paragraphs as if fully restated herein.

218.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

219.    15 U.S.C. § 1692e(11) provides that it is a violation of the FDCPA for a debt collector to fail to state in a communication that the communication is from a debt collector.

220.    The Letter fails to state that it is from a debt collector.

221.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

222.    Plaintiff brings this action individually and as a class action on behalf of all consumers similarly situated in the State of New York.

223.    Plaintiff seeks to certify a class of:

> All consumers to whom Defendant sent a collection letter substantially and materially similar to the letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

224.    This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

225.    The Class consists of more than thirty-five persons.

226.    Plaintiff's claims are typical of the claims of the Class.  Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

227.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

228.    Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.

Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

229.   Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

a.   Certifying this action as a class action; and

b.   Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel; and

c.   Finding Defendant's actions violate the FDCPA; and

d.   Awarding damages to Plaintiff and the Class pursuant to 15 U.S.C. § 1692k; and

e.   Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

f.   Awarding the costs of this action to Plaintiff; and

g.   Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

h.   Such other and further relief that the Court determines is just and proper.

DATED: February 3, 2021

**BARSHAY, RIZZO & LOPEZ, PLLC**

By: *David M. Barshay*
David M. Barshay, Esquire
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
Our File No.: BRL2021103
*Attorneys for Plaintiff*